IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| RANDY GODWIN and REBA GODWIN, as Personal Representatives of THE ESTATE OF WESLEY GODWIN,<br>                    Plaintiffs,<br><br>v.<br><br>NA TRANSPORT, INC., a California corporation, KNIGHT SPECIALTY INSURANCE COMPANY, a Delaware Corporation, and TAI NGOC NGUYEN, an individual,<br>                    Defendants. | Case No. CIV-21-315-RAW |

## ORDER

Plaintiffs originally brought this action in Muskogee County District Court alleging wrongful death claims against the Defendants arising out of a motor vehicle collision on October 27, 2020. Specifically, Plaintiffs claim that Wesley Godwin was wrongfully killed when his vehicle collided with negligently operated tractor trailer operated by Defendant Nguyen.

**I.**

Now before the court is Defendant NA Transport, Inc.'s Motion for Partial Summary Judgment [Docket No. 61] and Defendant Tai Nguyen's Motion for Partial Summary Judgment [Docket No. 62].

**II.**

Summary judgment is appropriate where there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P.56. When presented with a summary judgment motion, this Court must

determine whether there "are any genuine factual issues that properly can be resolved only by the finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986).   A court determining a motion for summary judgment must "review the evidence in the light most favorable to the nonmovant, drawing all reasonable inferences in its favor." *Thom v. Bristol-Myers Squibb Co.*, 353 F.3d 848, 851 (10th Cir. 2003).  A fact is material "if under the substantive law it is essential to the proper disposition of the claim*." Id.*  The moving party has the initial burden to demonstrate that there is no genuine issue of material fact. *See Id.*   "'In other words, the evidence in the movant's favor must be so powerful that no reasonable jury would be free to disbelieve it.  Anything less should result in denial of summary judgment.'" *Leone v. Owsley*, 810 F.3d 1149, 1154 (10th Cir. 2015). (*quoting 11 Moore's Federal Practice* §56.40[1][c] (3d ed. 2015); Isee also *11 James Wm. Moore, et.al., Moore's Federal Practice* §56.40[1][d] (3d ed. 2022) ("A movant who fails to satisfy its initial summary judgment burden is not entitled to summary judgment regardless of the nonmovant's response or lack of response.") *quoted by, The Delong Co. v. Syngenta AG* (10th Cir. 2022, No. 21-3044, decided May 13, 2022).

### III.

Defendant NA Transport, Inc. filed its Motion for Partial Summary Judgment [Docket No. 61] requesting the court grant partial summary judgment in its favor as to the Plaintiff's claim that NA Transport is vicariously liable for Defendant Nguyen's negligence.  NA Transport argues that to hold it responsible for the alleged tort of Defendant Nguyen, the tortious act must be committed in the course of them employment and within the scope of the employee's authority.  *Sheffer v. Carolina Forge Co.*, 2013 OK 48, 306 P.3d 544 (citing *Baker v. Saint*

*Francis Hosp.*, 2005 OK 36, 126 P.3d 602). NA Transport claims that the record shows there was no employer employee relationship between it and Defendant Nguyen, rather that he was in independent contractor. "…[A]n independent contractor is one who engages to perform certain service for another, according to his own manner and method, free from control and direction of his employer in all matters connected with the performance of the service, except as to the result or product of the work." *Page v. Hardy*, 1958 OK 283, 334 P.2d 782. The court in *Page* noted that the question of such a relationship must be determined on a case-by-case basis. *Id.* The court outlined eleven factors to consider in making the determination, including, but not limited to, the nature of the contract between the parties, the degree of control the employer could exercise on the work and whether the one employed engaged in a distinct occupation or business.

The court has carefully reviewed the positions of the parties as submitted in the briefing and finds that there exist questions of material fact with regard to the critical factors in determining the nature of the relationship between Defendant NA Transport and Defendant Nguyen and the scope of the work contracted. Accordingly, NA Transport's Motion for Partial Summary Judgment is denied.

## IV.

Defendant Nguyen filed his Motion for Partial Summary Judgment requesting that the court enter and order for partial summary judgment with regard to Plaintiff's claims for punitive damages. A review of the statements of fact and briefing indicates questions of fact exist regarding whether the death of Wesley Godwin was the result of Defendant Nguyen's "reckless disregard for the rights of others." *23 O.S. §9.1(B)(1)*. Plaintiff contends that in the dark hours of a rainy and cloudy morning Defendant Nguyen drove a semi-truck and trailer onto I-40 without

activating his lights.  A witness, Polly Shoemake came upon the collision as Defendant Nguyen was exiting his truck.  She stated in an Affidavit that she saw no lights on the trailer truck. [Docket No. 64, Ex. 1]  Further, Plaintiff provides affidavits of experts indicating that the dark trailer truck was traveling at a very low speed of 20-33 miles per hour.  [Docket No. 64, Ex. 6 and Ex. 7].  The court finds that sufficient questions of material fact exist to support a claim for punitive damages under *23 O.S. §9.1(B)(1)* and summary judgment is not proper.  Accordingly, Defendant Nguyen's Motion for Partial Summary Judgment is denied.

**IT IS SO ORDERED** this 11th day of August, 2022.

_____
**THE HONORABLE RONALD A. WHITE**
**UNITED STATES DISTRICT JUDGE**
**EASTERN DISTRICT OF OKLAHOMA**